# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40701
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 6, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN CARLOS SOLIS-VENEGAS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-921-2

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Juan Carlos Solis-Venegas (Solis) pleaded guilty to one count of possession of a firearm by an illegal alien, and he received a within-guidelines statutory maximum sentence of 120 months in prison. In his sole argument on appeal, Solis contends that the district court erred in imposing a 10-level sentencing enhancement pursuant to U.S.S.G. § 2K2.1(b)(1)(E). The district court accepted the findings of the probation officer that Solis should be held

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

responsible for a total of 229 firearms obtained from various straw purchasers. Solis maintains that the information linking him to more than the 11 weapons present at the time of his arrest came from a codefendant who the Government conceded was not credible. In addition, Solis asserts that because the Government was unable to provide specific information about his role within the firearms trafficking organization (FTO), he should not have been linked to all the weapons purportedly obtained by it.

We review the district court's interpretations of the Sentencing Guidelines de novo and review findings of fact for clear error. *United States v. Longstreet*, 603 F.3d 273, 275-76 (5th Cir. 2010). The number of firearms included within a defendant's relevant conduct is a factual finding we review for clear error. *Id.* at 278-79. Under the rules governing relevant conduct, the district court could consider not only the acts committed, aided, or abetted by Solis personally but also all acts or omissions of others in furtherance of the conspiracy that were reasonably foreseeable by Solis. *See* U.S.S.G. § 1B1.3(a)(1)(A)-(B); *United States v. Rodriguez*, 553 F.3d 380, 395 (5th Cir. 2008).

A review of the information available to the court at the time of sentencing reveals that the court could reasonably conclude that the information about Solis provided by codefendant Juan Nunez was credible based on corroboration, even though Nunez had previously provided false statements about his own role in the offense. Additionally, even if the court felt that it lacked sufficient information about Solis's leadership role within the FTO, it still could have concluded that all of the firearms obtained were reasonably foreseeable to him. *See* U.S.S.G. §§ 1B1.3(a)(1)(B), 3B1.1 & comment. (n.4). The court's imposition of the 10-level enhancement was plausible in light of the record as a whole and therefore was not clearly

2

No. 13-40701

erroneous.  *See Longstreet*, 603 F.3d at 276.  The judgment of the district court is AFFIRMED.